### SEASONGOOD et al. v. PRAGER.

(Supreme Court, Appellate Division, First Department. November 10, 1911.)

ATTORNEY AND CLIENT (§ 150*)—CONTINGENT FEE—RECOVERY ON QUANTUM MERUIT.

An attorney, employed to prosecute an action on a contingent fee, cannot, on the complaint being dismissed for failure of the client to appear at the trial, through some mistake for which the attorney was not responsible, abandon the case, notwithstanding his client's request that he move to open the default, and recover for the value of his services.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 354–357; Dec. Dig. § 150.*]

Appeal from Appellate Term. .

Action by Clifford Seasongood and another against Henry L. Prager. From a determination of the Appellate Term (70 Misc. Rep. 490, 127 N. Y. Supp. 482) reversing a judgment of the City Court, which overruled plaintiffs' demurrer to a defense and to a counterclaim, defendant appeals. Affirmed in part and reversed in part.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and MILLER, JJ.

Joseph L. Prager, for appellant.
Franklin H. Mills, for respondents.

INGRAHAM, P. J. I agree that the facts set up as a counterclaim are insufficient, and therefore that the determination of the City Court that the demurrer to the counterclaim should be sustained should be affirmed. But I think the facts set up as an affirmative defense, which plaintiffs admit by the demurrer, are sufficient, and the demurrer to the defense as set up in the answer should be overruled.

The action is brought to recover for an attorney's services upon a quantum meruit. The defense is that the plaintiffs were retained by the defendant to commence an action to recover damages against one Beardsley and the American Bonding Company under a contract for a contingent fee by which the plaintiffs were to receive 33⅓ per cent. of any sum or sums recovered by the said Beardsley or the American Bonding Company, and in the event of no recovery the plaintiffs were to receive nothing from the defendant for their services. Under this retainer the plaintiffs, as attorneys for said defendant,

brought an action which was placed upon the calendar and duly came on for trial. The defendant had employed counsel to assist the plaintiffs, in the trial of the case, which was certainly not a breach of his contract with the plaintiffs. By some mistake, for which the plaintiffs were not responsible, when the case was called for trial, the defendant did not appear. The complaint was therefore dismissed. The defendant then requested the plaintiffs to move to open the default, which the plaintiffs refused to do, and thereupon withdrew from all further connection with the case. The plaintiffs having failed to recover, there could be no liability of the defendant under the contract. Under the express provisions of the contract between the plaintiffs and the defendant, and which is admitted by the demurrer, it was agreed that the plaintiffs should receive no compensation for their services in the event that there was no recovery in the action brought by the plaintiffs as attorneys for the defendant. Thus, by the express contract of employment, there being no recovery, the plaintiffs were not entitled to compensation for their services; and no facts are alleged showing default on the part of the client which would justify the court in refusing to enforce this contract. The fact that the defendant, through a mistake, failed to appear at the time the case was called for trial, certainly did not justify the plaintiffs at once withdrawing from the case and then recovering the value of the services rendered notwithstanding the express provisions of the contract that the payment for their services was contingent upon his recovery. I think, under such a contract, the attorneys are bound to continue in the case so long as their clients request it, if they expect to receive compensation for their services unless the client is guilty of a breach of the express or implied obligation of his contract. Upon the facts here alleged, I do not think that there was such a breach of the defendant's contract as justified the plaintiffs in withdrawing from the case and then obtaining a recovery upon a quantum meruit.

It follows that the determination of the Appellate Term, so far as it sustains the demurrer to the counterclaim, should be affirmed, and, so far as it sustains the demurrer to the defense, should be reversed, and the demurrer to the defense overruled. All concur.